HENRY ROSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 8282-92
United States Tax Court
T.C. Memo 1993-363; 1993 Tax Ct. Memo LEXIS 377; 66 T.C.M. (CCH) 387; August 18, 1993, Filed *377 For petitioner: Judy E. Hamilton and Anna H. Evashko. For respondent: Thomas A. Dombrowski. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This case is before the Court on petitioner's motion filed pursuant to Rule 231 [1] for an award of reasonable litigation and administrative costs under section 7430. The trial of this case began on May 4, 1993. Petitioner testified in his own behalf and was subjected to cross-examination. Before any other witnesses testified, the parties announced to the Court that they had arrived at a basis for settlement. The settlement amounts were orally stated for the record. The deficiencies and additions to tax as originally determined by respondent and as agreed to in the settlement are as follows: 1982
Notice of Deficiency
Settlement
Income tax
$ 23,180
$ 8,958
Additions to tax:
Sec. 6651(a)(1)
5,795
-0-
Sec. 6653(a)(1)
1,159
-0-
Sec. 6653(a)(2)
50 percent of the
-0-
interest due on $ 23,180
Sec. 6654
2,257
-0-
1983
Notice of Deficiency
Settlement
Income tax
$ 2,410.41
$ 641
Additions to tax:
Sec. 6651(a)(1)
602.60
-0-
Sec. 6653(a)(1)
120.52
-0-
Sec. 6653(a)(2)
50 percent of the
-0-
interest due on $ 2,410.41
Sec. 6654
147.36
-0-
*378 The Court directed the parties to file a stipulated decision within 30 days. On July 2, 1993, petitioner filed a motion for an award of reasonable litigation and administrative costs. In his motion, petitioner claims that he incurred administrative and legal costs consisting of $ 14,076.38 for 141.40 hours spent by his two attorneys, plus other costs in the amount of $ 2,304.80. Section 7430(a) authorizes an award to the prevailing party of reasonable administrative costs incurred in an administrative proceeding before the Internal Revenue Service and of reasonable litigation costs. , affg. in part, revg. in part, and remanding ; . In order to be entitled to an award of reasonable administrative or litigation costs, the moving party must establish the following: (1) That the party is a "prevailing party" within the meaning of section 7430(c)(4)(A); (2) that the party did not unreasonably protract either the administrative or court proceeding; and (3) that *379 the administrative or litigation costs claimed by the party are reasonable within the meaning of section 7430(c)(1) and (2). Powers v. Commissioner, 100 T.C.     (1993) (slip op. at 19). With respect to claims for litigation costs, taxpayers also are required to show that administrative remedies were exhausted. Powers v. Commissioner, supra at     (slip op. at 19). To be considered a "prevailing party" within the meaning of section 7430(c)(4)(A), taxpayers must show, among other things, that the position of the United States in the administrative or court proceeding was not substantially justified. Sec. 7430(c)(4)(A)(i); , affg. per curiam ; Powers v. Commissioner, supra at     (slip op. at 19). Taxpayers seeking to recover both administrative costs and litigation costs must separately establish that the position of the United States was not substantially justified both in the administrative and court proceeding. . *380 Whether the position of the United States was substantially justified in an administrative or court proceeding depends upon whether respondent's position was unreasonable in light of all the facts and circumstances of the case and in light of legal precedent relating to the case. ; Powers v. Commissioner, supra at     (slip op. at 21); , affd. . Respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable in an administrative or court proceeding. Sher v. Commissioner, 861 F.2d at 134; . A brief summary of the issues and evidence in the record leads to the conclusion that respondent's position during the administrative and litigation phases was not unreasonable. In the notice of deficiency respondent determined that petitioner had failed to file returns for 1982 *381 and 1983. This was evidenced by respondent's official records. Petitioner seems to admit that he filed no return for 1983 but claims that he did file for 1982, although he had no documents to support that claim. [2] Petitioner admitted to receiving most of the gross income determined by respondent. The primary dispute concerned the amount of allowable business deductions. Pretrial settlement discussions occurred between representatives of respondent and petitioner's counsel, but they were unable to agree upon settlement terms. Respondent's position was that petitioner had not substantiated the deductions claimed. At trial, petitioner produced no records to substantiate such deductions. He attributed his lack of records to a fire in 1987. His testimony at trial was that he incurred business expenses, and he testified about the type of expenses and gave estimates of their amounts. After hearing petitioner's testimony at trial, and at the suggestion of the Court, the parties discussed settlement and were able to agree on a basis for settlement. *382 Petitioner argues that respondent acted unreasonably by not accepting petitioner's unverified estimates of expenses prior to trial. We disagree. Given the fact that petitioner had absolutely no records, it was not unreasonable to decline to give full credence to petitioner's estimates. After petitioner testified under oath, and was subjected to cross-examination, the parties were able to agree on settlement terms. Based upon the Court's perception, respondent was generous. Among other points petitioner relies on to show that respondent was unreasonable is his allegation that respondent acted arbitrarily in determining petitioner's gross income. We find no merit in this. In fact, petitioner admits to receiving practically all these amounts. Another point raised by petitioner is that respondent refused to recognize that petitioner was married during the years in issue as alleged in his petition. Petitioner testified at trial that he was married during 1982 and 1983. However, prior to trial, in response to respondent's request for admissions, petitioner, through his attorney, stated that he was not married during 1982 and 1983. [3]
*383 We find that petitioner has not shown that respondent's position was not substantially justified. It follows that petitioner is not a prevailing party within the meaning of section 7430(c)(4)(A), and petitioner is not entitled to administrative or litigation costs. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.↩
2. Had petitioner filed a timely 1982 return as he alleged, the 1982 assessment would have been barred by the statute of limitations and would have provided a complete defense to any deficiency for 1982.↩
3. Petitioner also alleges that after he received the notice of deficiency, his attorney, on Feb. 24, 1992, filed a request for audit reconsideration, rescission of the notice of deficiency, and appeals consideration. The Feb. 24, 1992, request indicates that petitioner had previously asked for audit reconsideration and rescission of the notice, but that such request was denied because respondent had determined that petitioner failed to file returns for 1982 and 1983. The Feb. 24, 1992, request alleges that respondent had erroneously determined that petitioner had failed to file returns and that petitioner had timely filed his returns for 1982 and 1983 and needed additional time to reconstruct his records. In support of his claim for administrative and litigation costs, petitioner alleges that the Feb. 24, 1992, request was unreasonably denied. Respondent obviously rejected petitioner's Feb. 24, 1992, claim that he had timely filed returns for 1982 and 1983. The record supports respondent's position.↩